LOTTINGER, Judge.
This is an automobile accident case wherein the Lower Court found judgment in favor of the plaintiff for the sum of $11,171.90, from which judgment the defendant has appealed.
The defendants are Vincent Giglio, doing business as Jax Distributing Company, Robert J. Daigle, an employee of Vincent Giglio and the driver of the vehicle belonging to Vincent Giglio, and Aetna Insurance Company, the liability insurer of Vincent Giglio. The record points out that the accident happened on October 8, 1968, at approximately 8:25 A.M., on U. S. Highway 90 just west of Gibson, Louisiana. The plaintiff was driving a bread delivery van at approximately 45 miles per hour in a westerly direction on U.S, Highway 90. The defendant Robert Daigle was driving a beer delivery truck owned by his employer, Vincent Giglio and insured by the defendant Aetna Insurance Company. The defendant Daigle had just completed making a delivery of beer at a truck stop, and as he commenced to leave the parking area of the truck stop and enter U.S. Highway 90, he testified that he saw the plaintiff’s vehicle approaching at some 600 feet away. The plaintiff testified that as he proceeded down the highway, he noticed the beer truck moving slowly toward the highway as if he was going to stop. When tRe plaintiff first noticed that the defendant was not going to stop at the entrance to U.S. Highway 90, it was necessary that the plaintiff apply his brakes and guide his vehicle onto the shoulder so as to avoid a collision. He further testified that a rear wheel dropped off of the shoulder causing his vehicle to turn and flip on its side. The plaintiff testified that he was approximately 250 feet away when the defendant commenced entering the highway.
The Lower Court heard all of the witnesses and in its written reasons for judgment, found as follows:
“A disinterested witness, Joseph Jackson, Jr., corroborated the testimony of the plaintiff as to this distance. The Court in observing the defendant driver’s appearance on the stand had the feeling that he was unsure and attempting to estimate a distance that the plaintiff was away greater than the actual distance. The Court cannot accept the testimony of the defendant driver and finds as a fact that he pulled out in front of the plaintiff when the plaintiff was approximately 250 feet away. The defendant driver readily admits that he saw the plaintiff’s vehicle approaching but pulled out in front of him. The law is very clear that one entering a major highway as this is has a legal duty to do so only when the way is clear and must yield to oncoming traffic. The Court bélieves that pulling out in front of an oncoming vehicle at such a distance as the defendant did, is in violation of our applicable law. The Court finds that the action of the defendant created a hazard to the *868 plaintiff coming on the favored roadway. The Court therefore finds that the defendant was negligent in pulling out in front of the plaintiff and that this negligence was a proximate cause of the resulting accident, although the vehicles did not actually collide.”
We find no reason to disagree with the decision of the Trial Court as to liability, and further agree with the findings of the Trial Court that there was no contributory negligence on the part of the plaintiff.
The Trial Court described the injuries received by the plaintiff as follows:
“The plaintiff received very serious injuries as a result of this accident and was taken to Lakewood Hospital in Morgan City where he remained confined for 22 days. He was in traction for 20 days. He then wore a neck brace for almost three months and then a soft collar for 3 months.
“The plaintiff’s injuries were diagnosed as fractures of the neural arch of vertebrae C-l and fractures to vertebrae C-6 and C-7 along with subluxation or forward movement of C-6 and C-7. These fractures have resulted in arthritic changes along the fracture sites. Additionally the plaintiff received a large abrasion on the top of his head with contusions of the chest and knee. The plaintiff also received a permanent injury to his left eye diagnosed as a central scotoma or blind spot in the center of his eye. It was shown that the arthritic changes causes the plaintiff discomfort and could become worse with age.”
The Trial Court awarded the plaintiff the sum of $10,000.00 for pain and suffering and the sum of $1,171.90 as medical expenses. The plaintiff has answered this appeal seeking an increase in the award for pain and suffering, but we do not feel that the Trial Judge abused his discretion in fixing an award of $10,000.00 for pain, suffering and physical injuries.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed.
Judgment affirmed.